IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CARLOS OLIVER,<br><br>    Plaintiff,<br><br>v.<br><br>CALVARY PORTFOLIO, LLC<br><br>    Defendant. | **REPORT AND RECOMMENDATION FOR DISMISSAL**<br><br>Case No. 2:07 CV 834 DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

## REPORT

This case was removed to this court October 30, 2007, the same date as an answer was filed by the Defendant. Since that time, Plaintiff has done nothing to prosecute the case; failed to participate in formulation of a case management plan; failed to appear at the Initial Pretrial Scheduling Conference set Wednesday February 6, 2008, at 11:30 a.m.;[1] and failed to appear at the Initial Pretrial Scheduling Conference set Wednesday March 5, 2008, at 11:30 a.m.[2] In addition, Plaintiff failed to "appear and show cause why this case should not be dismissed" on Wednesday March 5, 2008, at 11:30 a.m. as directed in an Order to Show Cause filed February 6, 2008.[3] Plaintiff did file a written response to the Order to Show Cause but was specifically directed to appear.

---

[1] Docket no. 7.

[2] Docket no. 11.

[3] Docket no. 9.

The written response to the Order to Show Cause is inadequate.  Plaintiff feels that he has a motion for default judgment pending, but it was apparently filed in the state court on November 28, 2007.[4]  This was well after the case was removed and well after the answer was filed in this court.

## RECOMMENDATION

The magistrate judge recommends that this case be dismissed for Plaintiff's failure to prosecute; failure to appear at the Initial Pretrial Scheduling Conference set Wednesday February 6, 2008, at 11:30 a.m.; failure to appear at the Initial Pretrial Scheduling Conference set Wednesday March 5, 2008, at 11:30 a.m.; and failure to appear and show cause why this case should not be dismissed" on Wednesday March 5, 2008, at 11:30 a.m. as directed in an Order to Show Cause filed February 6, 2008.

## NOTICE TO THE PARTIES

Within 10 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections.  A party may respond to another party's objections within 10 days after being served with a copy thereof.   The rules provide that the district judge to whom the case is assigned shall make a *de novo* determination upon the record,

---

[4] The Motion for Default Judgment is attached at page 9 to Answer to Notice, docket no. 10, filed March 3, 2008. Plaintiff states he filed the Motion for Default Judgment *October 28th*(Answer to Notice at 2) but this contradicts the date of November 28th on the motion itself.  No proof of filing is included.  The memorandum in support of that motion is attached as pages 10 and 11 but includes a signature page from another document as page 12.  It appears the correct signature page for the memorandum is found at page 25, and it also shows a date of November 28, 2007. The Notice to Submit for Decision is also dated November 28, 2007 (Answer to Notice at 23). The court also notes Plaintiff used a 20 days summons (Answer to Notice at 3) when a 30 day summons would be required (Utah Code Ann. 78-27-27)(see Answer to Notice at 22 showing service made in New Jersey, October 9, 2007).  Default judgment would be impossible on the apparent facts.

or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.

Dated this 6th day of March, 2008.

BY THE COURT

_____
Magistrate Judge David Nuffer